UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

EDUARDO RAMOS, on his own behalf and on behalf of those similarly situated,

   Plaintiffs,

vs.

CASE NO.:

JF VEHICLE TRANSPORTERS, INC., a Florida Corporation, JUAN M. FERRET, individually, and AVIS BUDGET GROUP, INC., a Foreign Corporation,

   Defendants.      /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, EDUARDO RAMOS, on his own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby sues the Defendants, JF VEHICLE TRANSPORTERS, INC., JUAN M. FERRET, and AVIS BUDGET GROUP, INC., (hereinafter referred to as the "Defendants"), and allege as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against his former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every driver who worked for the Defendants at any time within the past three (3) years.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Broward County, Florida.

## PARTIES

5. Plaintiff was a driver and performed related activities for Defendants in Broward County, Florida.

6. Defendants, JF VEHICLE TRANSPORTERS, INC., and JUAN M. FERRET provide car detailing and parking services to Defendant, AVIS BUDGET GROUP, LLC.

## FACTUAL ALLEGATIONS

7. Plaintiff worked as a "driver" employee for Defendants and performed related activities (i.e. transporting rental vehicles to different cities).

8. Plaintiff worked from approximately February 15, 2013 through the present.

9. Plaintiff was paid "piece rate" compensation in exchange for work performed.

10. Specifically, Plaintiff's wages were based on the job performed, not the amount of hours worked.

11. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

12. Plaintiff worked an average of seventy (70) hours per week.

13. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half their regular rate of pay for the hours worked over forty in a workweek.

14. Defendants purport to call their drivers "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

15. These so-called "independent contractors" are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must be done by that day or within a matter of hours.

16. All of the vehicles used for transportation by the drivers must be picked up from a facility on Defendants' property where Defendants inform each driver of the vehicles needed to be transported to different cities for that day.

17. Plaintiff works well over forty (40) hours per week. Typically, Plaintiff work(ed) seventy (70) hours per week without overtime compensation.

18. There is virtually no opportunity for the Plaintiff or the drivers to work for any other car rental company or to perform any other transportation/driving work while working for the Defendants.

## COVERAGE

19. The Defendants are a corporation formed and existing under the laws of the State of Florida and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

20. Plaintiff was an employee of Defendants and was, at all times relevant to the violations of the FLSA (2011-2014), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

21. At all material times relevant to this action (2011-2014), the Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

22. At all material times relevant to this action (2011-2014), the Defendants made gross earnings of at least $500,000 annually.

23. At all material times relevant to this action (2011-2014), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. cars, gps, computers, telephones, office equipment and supplies, etc.).

24. At all material times relevant to this action (2011-2014), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. cars, gps, computers, telephones, office equipment and supplies, etc.).

25. At all material times relevant to this action (2011-2014), the Defendants has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

26. At all material times relevant to this action (2011-2014), the Defendants also used the telephone or computers to place and accept business calls.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff and the class members performed the same or similar job duties as one another in that they provided driving/transportation services for Defendants.

28. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid on an hourly basis and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

29. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that drivers are not paid for overtime hours worked based on the Defendants' erroneous misclassification of its drivers as independent contractors exempt from overtime.

30. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> All "drivers" who worked for Defendants', JF Vehicle Transporters, Inc. and Avis Budget Group, car rental sites within Florida within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek

31. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

32. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

34. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## VERSUS JF VEHICLE TRANSPORTERS, INC.

35. Plaintiff, EDUARDO RAMOS, and those similarly situated to him, worked for Defendants at various times from 2011 to 2014 as a drivers for Defendants' businesses located in Broward County, Florida.

36. Defendant, JF VEHICLE TRANSPORTERS, INC., is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiffs' employment was an employer as defined by 29 U.S.C. §203.

37. Throughout Plaintiffs' employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours. Specifically, Plaintiffs worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated to them, are in the possession and custody of Defendant.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendant, of JF VEHICLE TRANSPORTERS, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them,

liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RECOVERY OF OVERTIME COMPENSATION
## VERSUS JUAN M. FERRET, INDIVIDUALLY.

39. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-34 above.

40. Defendant, JUAN M. FERRET, is the President, acting manager and sole corporate officer of Defendant, JF VEHICLE TRANSPORTERS, INC.

41. Defendant, JUAN M. FERRET, is a manger who acted with direct control over the work, pay, and job duties of Plaintiff.

42. Defendant, JUAN M. FERRET: (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

43. As such, Defendant, JUAN M. FERRET, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant, JUAN M. FERRET, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- RECOVERY OF OVERTIME COMPENSATION
## <u>VERSUS AVIS BUDGET GROUP, INC.</u>

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

45. Plaintiff, EDUARDO RAMOS, and those similarly situated to him, worked for Defendant, AVIS BUDGET GROUP, INC., at various times from 2011 to the present, as a drivers for Defendants' businesses.

46. Defendant, AVIS BUDGET GROUP, INC., combined with Defendant, JF VEHICLE TRANSPORTERS, INC., to constitute a single enterprise.

47. Defendant, AVIS BUDGET GROUP, INC., combined with Defendant, JF VEHICLE TRANSPORTERS, INC., and formed a single business enterprise by: (1) performing related activities; (2) exercising unified operation or common control over Plaintiffs; and (3) operating for a common business purpose.

48. In addition, Defendant, AVIS BUDGET GROUP, INC., combined with Defendant, JF VEHICLE TRANSPORTERS, INC., and operated as joint employers as: 1) there was an arrangement between them to share the Plaintiff's services; 2) both acted directly or indirectly in the interest of the other in relation to the Plaintiff; and 3) the Defendants were not completely disassociated with respect to the employment of a Plaintiff by exercising common control with the other Defendants over Plaintiff's driving services.

49. Specifically, Defendant, JF VEHICLE TRANSPORTERS, INC., hired Plaintiff as a driver to perform transportation of rental vehicles services.

50. Defendant, AVIS BUDGET GROUP, INC., combined with Defendant, JF VEHICLE TRANSPORTERS, INC., and uniformly directed the work of Plaintiff, and those similarly situated to them, from 2011 through the present.

51. Throughout Plaintiff's employment, the Defendant, AVIS BUDGET GROUP, INC., repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

WHEREFORE, Plaintiff, and all other similarly situated employees, demands judgment against Defendant, AVIS BUDGET GROUP, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiffs seek all damages sought above by virtue of joint and several liability versus Defendants JF VEHICLE TRANSPORTERS, INC., JUAN M. FERRET, and AVIS BUDGET GROUP, INC.

## DEMAND FOR JURY TRIAL

52.     Plaintiffs demand a jury trial on all issues so triable against all Defendants.

Dated this 15th day of May, 2014.

Respectfully submitted,

Carlos V. Leach, Esquire
FBN 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: cleach@forthepeople.com
*Attorneys for Plaintiff*